UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GENECI KIMMEY,<br>    Plaintiff, | : | CIVIL CASE NO.<br>3:20cv1572 (JCH) |
| v. | : | |
| COSTCO WHOLESALE<br>CORPORATION,<br>    Defendant. | : | MAY 06, 2022 |

**RULING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. NO. 20)
AND PLAINTIFF'S MOTION TO SEAL (DOC. NO. 31)**

**I.    INTRODUCTION**

Plaintiff Geneci Kimmey ("Kimmey"), a Connecticut resident, brings this action against defendant Costco Wholesale Corporation ("Costco"), a Washington corporation, alleging negligence after Kimmey slipped and fell on rainwater on Costco's premises. Now before the court is Costco's Motion for Summary Judgment (Doc. No. 20), which Kimmey opposes. See Opp'n (Doc. No. 28).  For the reasons explained below, the court denies Costco's Motion.

**II.   BACKGROUND**

   A.    Factual Background

On a rainy day, October 19, 2019, Kimmey drove into the Costco parking lot in Brookfield, Connecticut.  See Pl.'s L.R. 56(a)(1) Stmt. ¶ 1; Def.'s L.R. 56(a)(1) Stmt. ¶ 1. As Kimmey parked and walked through the parking lot, the precipitation was light; "it was beginning to rain" but "was not raining a lot yet." See Pl.'s L.R. 56(a)(1) Stmt. ¶¶ 2-3; Def.'s L.R. 56(a)(1) Stmt. ¶¶ 2-3; Pl.'s Depo. at 30-31.  As she neared the store entrance, the rain began to fall more heavily and the wind started gusting.  See Pl.'s L.R. 56(a)(1) Stmt. ¶ 4; Def.'s L.R. 56(a)(1) Stmt. ¶ 4.  The day's downpour had doused

the store's front entrance, leaving wet patches.  Pl.'s L.R. 56(a)(1) Stmt. ¶ 6; Def.'s L.R. 56(a)(1) Stmt. ¶ 6.  When Kimmey reached the front entrance area, she slipped and fell on the wet concrete, hitting her left side and shoulder.  See Pl.'s L.R. 56(a)(2) Stmt. of Add'l Facts ¶ 22.

The parties dispute how long the water remained on the floor.  Kimmey contends that the floor was wet for nearly two hours leading up to her fall, see Pl.'s L.R. 56(a)(1) Stmt. ¶¶ 6, 8, while Costco suggests that the floor was dry until Kimmey began walking in the area where she fell.  See Def.'s L.R. 56(a)(1) Stmt. ¶¶ 6, 8.  Surveillance video shows a Coscto employees wiping rainwater from shopping carts in the two hours before Kimmey's fall.  See Pl.'s L.R. 56(a)(2) Stmt. of Add'l Facts ¶¶ 1, 7, 9.  On the footage, water spots are visible throughout the front entrance area.  Id. at ¶¶ 1, 3, 4, 9, 13, 19.  Multiple Costco employees are shown standing or walking in the area of Kimmey's fall.  Id. at ¶¶ 1, 4, 7, 9, 10, 15.  Patrons can also be seen raising their jacket hoods or umbrellas before exiting the store.  Id. at ¶¶ 2, 6, 8, 11, 12, 16, 17, 18, 20, 21.  Two hours into the video, Kimmey falls.  Id. at ¶ 22.

According to Costco's Member Service/Loss Prevention Manual, the company maintains a policy requiring employees to conduct hourly "floorwalks" to check for hazards and seek assistance in remediating any issues.  See Member Service/Loss Prevention Procedures Manual at 1 (Doc. No. 31-1).  The surveillance footage, which extends from two hours before Kimmey's fall to two hours after the fall, reveals that employees made no attempt to dry the floor before or after Kimmey's fall.  See Pl.'s L.R. 56(a)(2) Stmt. of Add'l Facts ¶ 26.  Large bay doors on the front and sides of the

entrance area where Kimmey fell also remained open in the period leading up to Kimmey's injury, and no employee appeared to attempt to close them. Id. at ¶ 27.

B. Procedural Background

On October 20, 2020, Kimmey filed a Complaint alleging negligence under a theory of premises liability against Costco in the Superior Court of Connecticut for the Judicial District of Danbury. See Compl. (Doc. No. 1). Costco removed the Complaint to federal court pursuant to this court's diversity jurisdiction under Section 1332 of title 28 of the United States Code. Id. Subsequently, Costco filed its Motion for Summary Judgment, which the court now considers. Mot. for Summary J. (Doc. No. 20).

III. **LEGAL STANDARD**

A motion for summary judgment may be granted only where the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016). If the moving party satisfies this burden, the nonmoving party must set forth specific facts demonstrating that there is indeed "a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). A genuine issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary

judgment is sought." LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

## IV.  DISCUSSION

Costco argues that it is entitled to judgment as a matter of law as to Kimmey's negligence claim.  Under Connecticut law, "[a] business owner owes its invitees a duty to keep its premises in a reasonably safe condition." DiPietro v. Farmington Sports Arena, LLC, 49 A.3d 951, 957 (Conn. 2012) (quotation marks omitted).  However, a plaintiff may only recover for "the breach of a duty owed to [her] as a business invitee" if she can "allege and prove that the defendant . . . had actual [or constructive] notice of the presence of the specific unsafe condition which caused [her] injury . . . ." Id. (quotation marks and alterations omitted).  Such actual or constructive notice "must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it." Id.

In a premises liability case like the instant matter, "the plaintiff has the burden of offering evidence from which a jury reasonably could conclude that the defendant had notice of the [allegedly defective] condition and failed to take reasonable steps to remedy the condition after such notice."  Id.  To establish that a defendant had constructive notice, the plaintiff must offer evidence that "the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it." Lombardi v. Town of E. Haven, 12 A.3d 1032, 1040 (Conn. App. 2011).

Costco moves for summary judgment on two grounds.  First, it argues that Kimmey has not produced evidence that Costco had notice of the water on the ground.

4

Second, it contends that the presence of rainwater on the ground does not constitute a defect as a matter of law.

  A. <u>Notice</u>

  Genuine issues of material fact exist as to whether Costco had notice of the water on the ground.  Costco contends that Kimmey has produced no evidence showing that the water remained on the floor for long enough that Costco should have had constructive notice of the condition.  <u>See</u> Mem. in Support of Mot. at 5-6. However, under Connecticut law, the question as to what constitutes a sufficient length of time to confer constructive notice "is largely a question of fact" not properly resolved on summary judgment.  <u>Kelly v. Stop & Shop, Inc</u>., 281 Conn. 768, 777 (2007) (internal quotation marks and citation omitted); <u>see also Smart v. St. Raphael Found.</u>, No. CV095025481S, 2011 WL 1087159, at *3 (Conn. Super. Ct. Feb. 25, 2011) ("the determination of whether, in the exercise of due care, [defendants] would have discovered and remedied [accumulated water] is . . . a question of fact. There is no period of time after which, as a matter of law, a defendant is charged with constructive notice of a dangerous condition"); <u>Fagan v. Coxcom, Inc.</u>, No. HHDCV085022815S, 2010 WL 4723447, at *4 (Conn. Super. Ct. Nov. 2, 2010) (collecting cases).  Unless the reasonableness of a length of time is beyond dispute, the "determination should be left to the trier."  <u>Baker v. Ives</u>, 162 Conn. 295, 307 (1972).

  Here, the record contains evidence on the basis of which a reasonable juror could conclude that the water was on the floor for long enough that Costco, in the exercise of reasonable care, should have discovered and dried it.  A reasonable juror could find that surveillance video of the area where Kimmey slipped shows wet spots accumulating on the floor for two hours before her fall.  <u>See</u> Pl.'s L.R. 56(a)(2) Stmt. of

5

Add'l Facts at ¶¶ 1, 3, 4, 9, 13, 19.   Likewise, a reasonable finder of fact could determine this two-hour period was sufficient to confer constructive notice upon Costco. See, e.g., Leonard v. G & W Mgmt., Inc., No. CV05500179S, 2008 WL 1868438, at *3 (Conn. Super. Ct. Apr. 7, 2008) (ice in parking lot for two hours after a snowstorm may confer constructive notice).[1]

Because a reasonable fact finder could conclude that Costco had notice of the wet floor, the court denies summary judgment as to Costco's notice.

B.     Dangerous Condition

Whether rainwater on the ground constitutes an unreasonably dangerous condition or defect also raises a genuine issue of material fact.  Relying on a Connecticut Appellate Court case, Brye v. State of Connecticut, 147 Conn. App. 173 (2013), Costco argues that Kimmey must produce expert testimony to prove that the alleged rain-soaked floor constituted an unreasonably dangerous defect or condition. Brye, however, is distinguishable from the instant case.  In Brye, the plaintiff sued the defendant on a theory of premises liability after falling through a one-quarter inch thick plywood board covering a pit.  Id. The court determined that expert testimony was required to establish the relevant standard of care, as the load capacity for one-quarter inch plywood was "knowledge . . . beyond the experience of a normal fact finder."  Id. at

---

[1] Costco also puts forth a peculiar argument that "plaintiff must prove the defendant had notice of the specific raindrops on which the plaintiff slipped and not that it was raining." See Mem. in Support of Mot. to Dismiss.  While the court agrees with the related proposition that mere evidence of rainy weather is not enough to show that a defendant had notice of a specific premises defect, see, e.g., Lane v. Shop Rite of Waterbury, LLC, No. CV030182136S, 2006 WL 1577767, at *3 (Conn. Super. Ct. May 24, 2006), Kimmey offers more here, bringing forth evidence of a visibly wet floor coupled with the rain which, she argues, should have put Costco on notice. See Opp'n at 4-6.  Costco's contention that a plaintiff must prove that a defendant had notice of "specific raindrops" is both unreasonable and unsupported by the case law.

181. Here, by contrast, a reasonable juror could determine, without expert guidance and as a "matter[ ] of common knowledge", id., that a wet concrete floor was not reasonably safe and constituted a defect.  Because a reasonable fact finder could conclude on the basis of record evidence that the wet concrete floor constituted a dangerous condition, the court denies summary judgment as to whether a dangerous condition existed.

## V.   CONCLUSION

For the foregoing reasons, Costco's Motion for Summary Judgment (Doc. No. 20) is denied.

The court also grants Kimmey's Motion to Seal (Doc. No. 31) Exhibit B of her Local Rule 56(a)(2) Statement of Facts.  Exhibit B (Doc. No. 31-1) consists of a "Member Service/Loss Prevention Procedures Manual" produced by Cosco during initial disclosures and marked "Confidential."  See Member Service/Loss Prevention Procedures Manual.  However, the parties should understand that the court's granting of the Motion to Seal is subject to modification: If the court determines that it relies on any sealed matter over the course of this case, the material will be unsealed.

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of May 2022.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge